UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
TYRONE JONES, *pro se*,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　**MEMORANDUM AND ORDER**
　　　　　　　　　-against-　　　　　　　　　　:　　9-CV-4548 (DLI) (VVP)
　　　　　　　　　　　　　　　　　　　　　　　:
CHRISTIN A. MONTALBANO, Physician at　　　:
Arthur Kill Correctional Facility, and; LESTER　 :
WRIGHT, Deputy Commissioner for Health　　:
Services, New York State Department of　　　:
Correctional Services,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　　:
---------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

　　　*Pro se* plaintiff Tyrone Jones ("Plaintiff"), an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that defendants Dr. Christin A. Montalbano ("Dr. Montalbano") and Dr. Lester Wright ("Dr. Wright", collectively "Defendants") acted with deliberate indifference to his serious medical condition, in violation of his Eighth Amendment rights. (*See generally* Doc. Entry No. 1, Compl.) Defendants move to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

　　　Plaintiff alleges that on or about the week of February 23, 2009, while he was incarcerated at the Arthur Kill Correctional Facility ("Arthur Kill"), he met with a Dr. Ellen Gompreach ("Dr. Gompreach") for a medical appointment. (Compl. ¶ 7.) During the appointment, Plaintiff informed Dr. Gompreach that he was experiencing eye pain and blurred vision and Dr. Gompreach referred him to Staten Island University Hospital ("SIUH") for

emergency services. (*Id.* ¶¶ 7, 8.) Plaintiff was examined by a specialist/ophthalmologist at SIUH, who prescribed Plaintiff two liquid solutions to treat his eye. (*Id.* ¶ 9.) Plaintiff applied the solutions, as directed by the specialist/ophthalmologist, until he was summoned to the pharmacy at Arthur Kill. (*Id.* ¶ 10.) Upon arrival at the pharmacy, a nurse directed Plaintiff to surrender the prescribed eye solutions in exchange for three different solutions. (*Id.* ¶¶ 10-11.) Plaintiff inquired why he was directed to exchange the medications, whereupon the nurse allegedly informed plaintiff that "the doctor does not want to pay the price for what [SIUH] ordered, so I was ordered to give you a generic brand." (*Id.* ¶ 11.)

For several weeks after utilizing the generic medication, Plaintiff alleges he experienced worsening eye pain, accompanied by redness and distortion of his already blurred vision. (*Id.* ¶ 12.) On June 3, 2009, Plaintiff met again with Dr. Gompreach for an examination. (*Id.* ¶ 13.) Plaintiff explained to Dr. Gompreach that his condition had worsened since taking the generic medication and Dr. Gompreach directed Plaintiff to discontinue use of one of the solutions. (*Id.*) Additionally, Dr. Gompreach referred Plaintiff to the specialist/ophthalmologist at SIUH for a Vision Field Examination. (*Id.*)

Plaintiff alleges Dr. Montalbano, a physician at Arthur Kill, ordered the generic medication and directed Plaintiff to use the generic medication instead of the prescribed medication, for the sole purpose of cutting costs to DOCS. (*Id.* ¶¶ 3, 14, 18.) Plaintiff further alleges the generic medication worsened his painful eye condition. (*Id.* ¶¶ 13, 14.) Plaintiff therefore asserts that Dr. Montalbano acted with deliberate indifference to "plaintiff's life" when he ordered Plaintiff to utilize the generic medication. (*Id.* ¶ 14.) Plaintiff additionally asserts that Dr. Montalbano "is well known" for engaging in conduct exhibiting "deliberate indifference to inmates [sic] health, which has resulted in numerous grievances and law suits being filed

against [him]." (*Id.* ¶ 15.)

Plaintiff alleges that Dr. Wright is Dr. Montalbano's supervisor. (*Id.* ¶ 4.) Plaintiff further alleges that Dr. Wright was "well aware" of the complaints filed by inmates against Dr. Montalbano, but that Dr. Wright "refused" to terminate Dr. Montalbano's employment or reassign him to a different department. (*Id.* ¶ 16.) Accordingly, Plaintiff seeks to hold Dr. Wright liable for Dr. Montalbano's purported deliberate indifference to Plaintiff's medical condition because Dr. Wright "failed to terminate, correct, and/or monitor" Dr. Montalbano after having been alerted to Dr. Montalbano's alleged deliberate indifference to "inmates [sic] serious medical needs prior to February 2009." (*Id.* ¶¶ 16, 18.)

Finally, Plaintiff asserts he exhausted all available administrative remedies prior to commencing this action, as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). (*Id.* ¶ 6.) Defendants have not contested this issue.[1]

## DISCUSSION

I.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal,* ––– U.S. –––, –––, 129 S.Ct. 1937, 1949 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Defendants have not raised the affirmative defense that Plaintiff has failed to exhaust his administrative remedies. (*See generally* Doc. Entry No. 13, Defendants' Mot. to Dismiss.) Because Defendants have not raised this affirmative defense in their responsive pleading it is now waived. *See Alster v. Goord*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010) (defendants' failure to plead non-exhaustion of PLRA in their answers results in waiver of the defense).

conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotation marks omitted).

In reviewing Plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court must nevertheless dismiss an *in forma pauperis* action when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) (1996).

## II.     Section 1983 and Eighth Amendment Deliberate Indifference

Section 1983 provides a civil cause of action against a person who, acting under the color of state law, deprives another person of any of the rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also Cornejo v. Bell*, 592 F. 3d 121, 127 (2d Cir. 2010). Where, as here, a prisoner alleges an unconstitutional denial of medical care, his Section 1983 claim is predicated on an alleged violation of the Eighth Amendment, which proscribes the cruel and unusual punishment of prisoners and "imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F. 3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan,* 511 U.S. 825, 832, 844 (1994)); U.S. CONST. AMEND. VIII.

To state a cognizable Eighth Amendment claim of inadequate medical care under Section 1983 "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

4

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is an "objective" and a "subjective" element of the deliberate indifference standard. *See Salahuddin*, 467 F. 3d at 279-281. If a plaintiff cannot satisfy both elements of the standard, the claim will be dismissed. *See Trammell v. Keane*, 338 F. 3d 155, 162, 166 (2d Cir. 2003) (deliberate indifference claim properly dismissed where plaintiff failed to establish subjective element); *see also Warren v. Purcell*, 2004 WL 1970642, at *8 (S.D.N.Y. Sept. 3, 2004) (where plaintiff failed to establish subjective element the court need not resolve whether plaintiff established objective element of deliberate indifference claim).

### A. *Objective Element*

The objective element requires a plaintiff to show that he was "actually deprived of adequate medical care" and that "the inadequacy of medical care [wa]s sufficiently serious." *Salahuddin,* 467 F. 3d at 279–280 (citing *Farmer*, 511 U.S. at 834). "Only deprivations denying the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (internal quotation marks omitted). In determining whether a plaintiff's condition is "sufficiently serious" to violate the Eighth Amendment, courts must consider "the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract[.]" *Smith v. Carpenter*, 316 F. 3d 178, 186 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F. 3d 698, 702-03 (2d Cir. 1998)). Factors relevant to the consideration of the seriousness of the medical condition include whether " 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.' " *Salahuddin,* 467 F. 3d at 280 (quoting *Chance*, 143 F. 3d at 702). When

the alleged inadequacy is in the medical treatment given, such as where the prisoner is receiving on-going treatment, and where, as here, the alleged offending conduct is an interruption in the treatment, "the seriousness inquiry 'focus[es] on the challenged . . . interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Id.* (citing *Smith,* 316 F.3d at 185).

### B. Subjective Element

The "subjective" element requires the plaintiff to show that the charged prison official acted with a sufficiently culpable state of mind, namely that the official was deliberately indifferent to the plaintiff's serious medical needs. *See Salahuddin,* 467 F.3d at 280 (citing *Wilson,* 501 U.S. at 300). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Id.* (citing *Farmer,* 511 U.S. at 839–40). Thus, the plaintiff must allege sufficient facts to show "that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result." *Id.* (citing *Farmer*, 511 U.S. at 836-37). Accordingly, "[d]eliberate indifference will exist when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Harrison v. Barkley*, 219 F. 3d 132, 137 (2d Cir. 2000) (quoting *Farmer,* 511 U.S. at 847).

## III. Analysis

Plaintiff's complaint, even when construed "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006), fails to plead sufficient facts to state a claim of deliberate indifference against Defendants.

*A.     Dr. Montalbano*

Firstly, Plaintiff has failed to allege facts sufficient to satisfy the subjective element of the deliberate indifference standard as to Dr. Montalbano. Accordingly, on this ground alone, Plaintiff's complaint against Dr. Montalbano is dismissed. *See Trammell*, 338 F. 3d at 162. Plaintiff's sole allegation regarding Dr. Montalbano's state of mind is that Dr. Montalbano canceled the prescription medication and ordered the generic version with the intent of cutting costs to DOCS. (*See* Compl. ¶ 14.) Plaintiff has failed to allege facts establishing that Dr. Montalbano ordered Plaintiff to take the generic medication "while actually aware of a substantial risk that serious inmate harm [would] result." *Salahuddin,* 467 F.3d at 280 (citing *Farmer*, 511 U.S. at 836-37). Put another way, Plaintiff has failed to allege facts showing that Dr. Montalbano knew Plaintiff faced a "substantial risk of serious harm" from the generic medication and that Dr. Montalbano nonetheless disregarded that risk "by failing to take reasonable measures to abate it." *Harrison*, 219 F. 3d at 137 (quoting *Farmer,* 511 U.S. at 847) (internal quotation marks omitted). Accordingly, Plaintiff fails to meet the subjective element of the deliberate indifference standard.

Plaintiff also fails to plead sufficient facts to meet the objective element of the deliberate indifference standard. Liberally construed, Plaintiff's complaint alleges that Dr. Montalbano's order requiring Plaintiff to exchange the prescription eye solution for the generic eye solution, constituted a sufficiently serious deprivation of adequate medical care. Because Plaintiff assails the adequacy of the medical treatment given, viz., the decision ordering Plaintiff to substitute the generic medication for the prescribed one, "the seriousness inquiry" focuses on the challenged medical treatment "rather than the prisoner's underlying medical condition alone.' " *Salahuddin,* 467 F. 3d at 280 (citing *Smith,* 316 F.3d at 185); *see also Smith*, 316 F.3d at 186 (citing *Chance*,

7

143 F. 3d at 702-03) (courts must consider the particular risk of harm faced by a prisoner caused by challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract). Here, the fact that Plaintiff was ordered to substitute the generic medication for the originally prescribed medication, alone, is insufficient to state a cognizable Eighth Amendment claim. To the contrary, "[i]t is a common exercise of judgment to place prisoners on generic medications, and this act, without more, does not suggest . . . a constitutional claim of deliberate indifference." *Button v. Parsons*, 2012 WL 426569, at *3 (N.D.N.Y. Jan. 17, 2012) (quoting *Bryant v. Wright*, 2011 WL 6091363, at *1 (2d Cir. Dec. 8, 2011) (citing *Estelle*, 429 U.S. at 107; *Hernandez v. Keane*, 341 F. 3d 137, 147 (2d Cir. 2003))). *See also Robinson v. Edwards,* 2006 WL 1889900, at *10 (S.D.N.Y. July 5, 2006) (complaint that prisoner received "generic rather than brand name medicines" rises only to a disagreement over treatment and is not a constitutional violation).

Viewed in the strongest light, Plaintiff's allegation does not rise above a disagreement over medication choices, or at the most, a claim that Dr. Montalbano was negligent in ordering Plaintiff to utilize the generic eye medication. (*See* Compl. ¶ 14.) However, a "mere disagreement over proper treatment" does not state a cognizable claim of deliberate indifference under the Eighth Amendment. *White v. Sears*, 2011 WL 2728443, at *6 (N.D.N.Y. June 20, 2011) (quoting *Chance*, 143 F. 3d at 703). Moreover "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hill v. Curcione*, 657 F. 3d 116, 123 (2d Cir. 2011) (quoting *Estelle,* 429 U.S. at 106). Consequently, Plaintiff also fails to satisfy the objective element of the deliberate indifference standard. Accordingly, his claim against Dr. Montalbano is dismissed.

B.  *Dr. Wright*

Plaintiff also fails to state a claim against Dr. Wright. In a Section 1983 suit, a plaintiff must allege facts establishing the personal involvement of each individual defendant. *Costello v. City of Burlington*, 632 F. 3d 41, 49 (2d Cir. 2011) (citing *Wright v. Smith*, 21 F. 3d 496, 501 (2d Cir. 1994)). Plaintiff argues that Dr. Wright's personal involvement is established by his alleged failure to take adequate measures to monitor and supervise Dr. Montalbano. (*See* Doc. Entry No. 15, Plaintiff's Mem. in Opp. to Defendant's Mot. to Dismiss, at 7.) Under Section 1983, "[a supervisor] may be found liable if, in supervising [a subordinate], he exhibited gross negligence or deliberate indifference to a high risk that [the subordinate] would violate [the plaintiff's] constitutional rights, and [the supervisor's] neglect caused [the subordinate] to violate [the plaintiff's] rights." *Poe v. Leonard*, 282 F. 3d 123, 140 (2d Cir. 2002). However, as addressed in Part III.A. *supra*, Plaintiff has failed to state a claim that Dr. Montalbano violated Plaintiff's constitutional rights. Consequently, he also fails to state a claim that Dr. Wright is liable for a constitutional violation caused by Dr. Montalbano's actions. Accordingly, Plaintiff's claim against Dr. Wright is also dismissed.

C. *Plaintiff's Complaint is Dismissed with Prejudice*

Plaintiff did not seek leave to amend his complaint and this court will not grant leave *sua sponte* under the circumstances presented here. Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F. 3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's

submissions that he does not have any possibility of asserting a plausible Section 1983 claim. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons Defendants' motion to dismiss is granted, and the complaint is dismissed with prejudice. A certificate of appealability shall not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 13, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge